UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ROBERTO ALEJANDRO HERNANDEZ-PASCUAL,

    Petitioner,

v.

Civil Action No. 4:26-cv-107-DJH

SAMUEL OLSON, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement et al.,

    Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Roberto Alejandro Hernandez-Pascual, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 4), and they have submitted briefing setting out their respective legal arguments (D.N. 6; D.N. 8).[1] After careful consideration, the Court will grant Hernandez-Pascual's petition for the reasons explained below.

### I.

Hernandez-Pascual is a thirty-three-year-old native and citizen of Cuba. (D.N. 1, PageID.7 ¶ 25; D.N. 1-2, PageID.53) He entered the United States without inspection on or about February 21, 2022. (D.N. 1-2, PageID.53) Hernandez-Pascual was placed in removal proceedings via a Notice to Appear, which charged him as "an alien present in the United States who has not been

---

[1] Counsel for the petitioner inexplicably filed a belated reply brief. (*See* D.N. 8, PageID.172; D.N. 4, PageID.66 ¶ 5)

1

admitted or paroled." (*Id.*)  Hernandez-Pascual lived in Illinois before his detention and is married to a lawful permanent resident.  (*See* D.N. 1, PageID.7 ¶¶ 25–26)  He states that he has "not had any criminal encounters with law enforcement and continues to be [a] productive member of society."  (*Id.* ¶ 26)  Hernandez-Pascual has a pending asylum application.  (*See id.* ¶ 27)  On January 29, 2026, U.S. Immigration and Customs Enforcement (ICE) authorities arrested Hernandez-Pascual "during a routine ICE check-in" in Indiana.  (*Id.*; *see* D.N. 6-1, PageID.76)  He remains detained at the Hopkins County Jail.  (D.N. 6-3, PageID.82)

Hernandez-Pascual seeks a writ of habeas corpus against Chicago ICE Field Office Director Samuel Olson, Hopkins County Jailer Mike Lewis, the Department of Homeland Security Secretary, and U.S. Attorney General Pamela Bondi.  (D.N. 1, PageID.6–7 ¶¶ 19–23)  Hernandez-Pascual alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; due process under the Fifth Amendment; and a class-action judgment from the Central District of California.  (*See id.*, PageID.15–16 ¶¶ 57–65; *id.*, PageID.13 ¶ 53)  Hernandez-Pascual asks the Court to order his immediate release or, in the alternative, a bond hearing.  (*See id.*, PageID.16)  Respondents argue that (1) Hernandez-Pascual is properly detained under § 1225(b)(2) as an applicant for admission who is seeking admission; (2) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; (3) Hernandez-Pascual is not a member of the class action; and (4) Hernandez-Pascual's detention does not violate due process because he "was afforded all the process he was due" under § 1225.[2]  (*See* D.N. 6, PageID.70–73; D.N. 6-4, PageID.115, 117)

---

[2] Respondents do not contest that the Court has jurisdiction to review Hernandez-Pascual's petition (*see* D.N. 6-4, PageID.99).  *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Hernandez-Pascual must exhaust

## II.

**A.    Immigration and Nationality Act**

Hernandez-Pascual asserts that 8 U.S.C. § 1225(b)(2) "does not apply to [him]" because he "previously entered the [United States] and ha[d] been residing [here] prior to being apprehended." (D.N. 1, PageID.15 ¶ 59) Hernandez-Pascual maintains that 8 U.S.C. § 1226(a) applies to his detention instead. (*Id.* ¶ 60) Respondents argue that § 1225(b)(2) governs Hernandez-Pascual's detention, incorporating by reference arguments from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025). (*See generally* D.N. 6-4)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he resided in the United States at the time of his arrest. *See id.* at *5, *7. Likewise, Hernandez-Pascual is an applicant for admission because he is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 1-2, PageID.53), but he is not "seeking admission" under § 1225(b)(2)(A) because he lived in the United States when he was arrested (D.N. 1, PageID.6 ¶ 27; D.N. 6-1, PageID.76). *See Alonso*, 2025 WL 3083920, at *6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025).

---

administrative remedies. (D.N. 6-4, PageID.113 n.4) Therefore, the Court will not address these issues.

Hernandez-Pascual was arrested in the interior of the United States (D.N. 1, PageID.6 ¶ 27) and thus does not fall within that category. *See Alonso*, 2025 WL 3083920, at *6.

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 6-4, PageID.133) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.132) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)). "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted). Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been

permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 6-4, PageID.139–41) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 6-4, PageID.141) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Hernandez-Pascual is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

**B.     Class-Action Judgment**

Hernandez-Pascual asserts that the Court should grant his petition on the ground that he is a member of a class certified in the Central District of California eligible for nationwide,

declaratory relief against mandatory detention. (*See* D.N. 1, PageID.13 ¶ 53) Respondents argue that Hernandez-Pascual is not a member of the class. (*See* D.N. 6, PageID.72–73)

Recently, final judgment was entered for a class defined as

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982, at *1 (C.D. Cal. Dec. 18, 2025), *appeal filed*, No. 25-7958 (9th Cir. Dec. 19, 2025). The final judgment "(1) declared that the Department of Homeland Security['s] . . . new policy of deeming noncitizens arrested in the United States and charged with being inadmissible as 'applicant[s] for admission' subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) conflicted with the text of the Immigration [and] Nationality Act . . . and (2) vacated that policy under the Administrative Procedure Act." *Ore Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 WL 171927, at *1 (E.D. Cal. Jan. 22, 2026); *see Bautista*, 2025 WL 3713982, at *3–4. This Court and others have found it "'not necessary . . . to adopt the position of the Central District of California' and have instead reviewed habeas petitions 'on the[ir] independent merits.'" *Coronel-Hernandez v. Woosley*, No. 4:26-cv-20-DJH, 2026 WL 227011, at *4 (W.D. Ky. Jan. 28, 2026) (omission and alteration in original) (quoting *Rodriguez v. Noem*, No. 4:25-cv-176-RGJ, 2026 WL 116412, at *9 n.8 (W.D. Ky. Jan. 15, 2026)); *e.g.*, *Meza v. Lewis*, No. 4:25-cv-171-RGJ, 2026 WL 92102, at *10 n.8 (W.D. Ky. Jan. 13, 2026) (taking the same approach). Accordingly, the Court will "'rest[] its decision' on the merits of" the habeas petition here. *Coronel-Hernandez*, 2026 WL 227011, at *4 (alteration in original) (quoting *Rodriguez*, 2026 WL 116412, at *9 n.8).

6

### C. Due Process

Hernandez-Pascual asserts that his detention without a bond hearing violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.15–16 ¶¶ 62–65) Respondents argue that "Section 1225(b)(2) does not afford Petitioner the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 6-4, PageID.142) Because Hernandez-Pascual is detained under § 1226(a), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225(b)(2) is futile. *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Hernandez-Pascual "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Hernandez-Pascual] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R.

7

§ 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 808 F. Supp. 3d at 493. Thus, because all three *Mathews* factors weigh in Hernandez-Pascual's favor, the Court concludes that his detention violates due process. *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Hernandez-Pascual's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Hernandez-Pascual, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **March 17, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

March 13, 2026

David J. Hale, Chief Judge
United States District Court

8